### GENTRY et al. v. GENTRY.

No. 28301. April 25, 1939.

Rehearing Denied May 16, 1939.

Bond & Bond and Paul D. Sullivan, for plaintiffs in error.

L. A. Winans, for defendant in error.

DANNER, J. The title to the land in question had for some years prior to his death stood of record in the name of Frank M. Gentry, to whom it had been conveyed by a person not a party to this action. After the death of Frank M. Gentry and then the death of his widow, the defendant, Edgar J. Gentry, brother of the deceased, filed a notice of record in which he claimed ownership of the land, and that deceased had held only the legal title as trustee for him.

The present action was instituted by the administrator of the estate of Frank M. Gentry and his deceased widow, and also

by their heirs, to quiet their title against Edgar J. Gentry, defendant. Edgar J. Gentry filed a cross-petition in which he prayed that title be decreed in him, on the theory of a resulting trust, alleging that he had furnished the purchase money and that it was understood between him and the deceased record owner that he, the defendant, was the true owner. Judgment was for defendant, and the plaintiffs appeal.

The principal ground for reversal is the admission in evidence of a letter written by Frank M. Gentry to the defendant some time prior to the former's death. The letter is as follows:

"E. J. Gentry,

"Fort Worth, Texas,

"Dear Bro.:

"Thought I had better write you this morning in regard to that place I have never rec'd that money yet, that I applied to the Federal Loan Co. for. I don't know what money 'you referred to, unless you mean lease money. I have not rec'd that. **It probably would be payed to you.** Which bank did you have it made payable to. The Int. & Com. note is $280.50, Due Feb. 1st. So you see I don't know what to do about it.

"We are all well. Working. No news of any importance. If you have anything to suggest let me hear from you at once.

"As ever, your Bro.

"F. M. Gentry."

The letter was introduced in evidence, over plaintiffs' objection, during the direct examination of the defendant. Plaintiffs argue that the admission in evidence of this letter is in violation of section 271, O. S. 1931, 12 Okla. St. Ann. sec. 384, which, in substance, forbids any party testifying in his own behalf "in respect to any transaction or communication had personally by such party with a deceased person," when the adverse party is an administrator or heir at law of such deceased person, where such party has acquired title to the cause of action immediately from such deceased person.

Assuming without deciding that the admission of that letter is error, we are, however, confronted with the question whether the admission of the challenged evidence is sufficient cause for a reversal of the judgment. The cause was tried to the court as an equity case; therefore, ordinarily the judgment should not be reversed unless we may say that the reception of the evidence substantially affected plaintiffs' rights. The plaintiffs' evidence is limited almost exclusively to the introduction in evidence of instruments showing the fee title to the property in the plaintiffs' intestate and the execution of the note and mortgage on the land by Frank M. Gentry and his wife to the Deming Investment Company, the proceeds of which loan was used to purchase the land. Proof of title in plaintiffs' intestate is prima facie evidence only of ownership of the property conveyed. 18 C. J. 409, 10 R. C. L. 876; 16 Am. Jur. 652; Abrams v. Neal, 178 Okla. 158, 61 P.2d 1103.

The testimony of several disinterested witnesses offered by the defendant shows: That Frank M. Gentry was never in possession of the land in controversy; that the defendant had been in possession of the land as a tenant since 1913, long prior to the transaction involved in the present case; that the defendant negotiated for the purchase of the land from the original Indian allottee and subsequently from the allottee's grantee; that the purchase price was paid from the proceeds of the loan made to the Deming Investment Company upon application executed by the defendant; that interest on the loan and taxes on the property were paid by the defendant; that neither Frank M. Gentry nor any of his heirs, and no one in their behalf, paid anything in the maintenance of the land or in liquidating the liens or indebtedness against it. The land was not listed as an asset or accounted for in the probate proceedings of the estate of plaintiffs' intestate. In fact, the only proof of ownership of the premises in Frank M. Gentry is confined to the deed and the note and mortgage to the Deming Investment Company which was executed by Frank M. Gentry and his wife. The evidence overwhelmingly supports the allegations of the defendant's cross-petition to the effect that title to the land was placed in the name of plaintiffs' intestate solely as a matter of convenience to the defendant.

In Wilcox et al. v. Wilcox et al., 180 Okla. 228, 68 P.2d 494, we considered section 271, O. S. 1931, supra, in connection with the facts there presented. Therein we held that the testimony admitted in evidence involved a transaction made by the plaintiff with the deceased and that it was error to permit the plaintiff to testify in respect to the same. However, in the body of the opinion, we said:

"However, the trial court in discussing the evidence relative to the ownership of the money invested in the stock found the evidence to be 'clear and cogent and decisive that the money in question that went

to pay for the stock belonged to Otis, and the stock was his and the stock now is his'; and after a careful examination of the record, we have reached the same conclusion, and have done so without considering any of the plaintiffs' testimony respecting the transaction. In other words, we regard the testimony of the various other witnesses conclusive evidence of the facts sought to be proven by the plaintiff, and that the admission of the objectionable testimony was cumulative and therefore harmless error."

In the decision in that case we said further:

"Section 3206, O. S. 1931, embodying the harmless error doctrine, is as follows:

" 'No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence or as to error in any matter of pleading or procedure, unless, in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right.'

"This court has repeatedly held that a case will not be reversed for error in the admission or rejection of evidence, unless it appears from an examination of the entire record that such error resulted in a miscarriage of justice or constitutes a substantial violation of constitutional or statutory right. As already indicated, we find sufficient competent evidence in the record to sustain the judgment of the trial court, and having considered the other contentions of the plaintiffs in error and finding them without substantial merit, and finding no error in the record that would justify a reversal of the case, the judgment of the trial court is affirmed."

See, also, Ogle et al. v. Oklahoma City Horse & Mule Commission Co., 173 Okla. 34, 47 P.2d 130.

In the present case the trial court, in discussing the evidence relative to the ownership of the land, said:

"I think the evidence shows in this case, beyond a doubt, that this land was bought in the name of Frank Gentry for the use and benefit of Ed Gentry. All of the negotiations show that F. M. Gentry was not involved in it. Ed Gentry paid the taxes, and the interest coupons. I can very readily see why the transactions would be had the way they were, the way they were carried on. Ed Gentry had a lot of judgments against him and it was very reasonable he would want the land adjoining his holdings rather than his brother who was four or five miles from there. It stands to reason that Ed Gentry would want it rather than Frank Gentry. My judgment will be that it really belongs to Ed Gentry and not Frank Gentry."

We conclude that the decision of this court in Wilcox v. Wilcox, supra, is controlling under the facts here presented. Additionally, we are convinced that the evidence complained of added nothing to the evidence presented on behalf of the defendant from other witnesses wholly disinterested in the lawsuit; the admission of the objectionable testimony was merely cumulative, and therefore constituted harmless error.

We conclude that the trial court committed no error in its judgment. Therefore, the judgment is affirmed.

BAYLESS, C. J., and RILEY, OSBORN, CORN, and GIBSON, JJ., concur. WELCH, V. C. J., and DAVISON, J., absent.